UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                      Case No.: 8:13-cr-191-T-33AEP

PATRICK KEITH VARGAS

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Patrick Keith Vargas's "Motion to Show Rehabilitation Against Recidivism," filed on July 16, 2020. (Doc. # 88). The United States responded on July 17, 2020. (Doc. # 90). For the reasons that follow, the Motion is denied.

**I.   Background**

Vargas pled guilty to one count of bank robbery and two counts of interference with interstate commerce by robbery, and this Court sentenced him to 137 months' imprisonment. (Doc. # 57). In his Motion, Vargas informs the Court that he has completed 14 programs while in custody, including anger management and "drug education" courses. (Doc. # 88). Vargas represents that he has also "educated himself in various fields, because he wants more out of life." (Id.). The United

1

States has responded (Doc. # 90), and the Motion is ripe for review.

## II. Discussion

Here, the United States argues that, "[c]onstrued very liberally, Vargas's motion appears to be a request for a modification or reduction in sentence to credit him time off his sentence for completion of the referenced programs." (Doc. # 90 at 1). The Court agrees with the Government's liberal interpretation of the relief that Vargas seeks.

However, the Court also agrees with the Government that no legal authority exists for such a modification or reduction based on the facts alleged in the Motion. In general, courts have limited jurisdiction to modify a sentence that has already been imposed. See Dillon v. United States, 560 U.S. 817, 824 (2010) ("A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.") (internal quotation marks and alterations omitted). A statute, 18 U.S.C. § 3582(c), provides district courts with a "narrow exception" to this rule of finality. United States v. Llewlyn, 879 F.3d 1291, 1296 (11th Cir. 2018). But Section 3582(c) contemplates a reduction or modification in sentence only in very limited circumstances,

such as when "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c). Vargas's completion of education and vocational programs in custody, while commendable, does not satisfy the statutory requirements to grant relief. And Vargas has not identified any other legal basis on which this Court might grant relief.

Thus, while the Court denies the Motion, it notes that, according to the Bureau of Prisons' website, Vargas is scheduled to be released in one year. The Court encourages him to continue his educational and rehabilitative efforts prior to his release from custody.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED,** and **DECREED:**

Patrick Keith Vargas's "Motion to Show Rehabilitation Against Recidivism" (Doc. # 88) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of August, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE